IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT ON NEW MEXICO

EDWARD M. MALOOF,

      Plaintiff,

v.    CIV 05-1231 LAM/LCS

MAGISTRATE COURT JUDGE PHILIP J. ROMERO,
in his official and individual capacity, RAY C. BACA,
Livestock Inspector, BENITO CHAVEZ, Livestock
Inspector, DANIEL MANZANARES, Executive
Director of the New Mexico Livestock Board, CLIFF
MASCARENAS, Deputy Director of the New Mexico
Livestock Board, BILL SAUBLE, Chairman of the New
Mexico Livestock Board, SCOTT MCNALLY,
Vice-Chairman of the New Mexico Livestock Board,
JIMMY HALL, Secretary of the New Mexico Livestock
Board, and the New Mexico Livestock Board,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte*. On May 26, 2006, the Court issued an order directing the *pro se* Plaintiff, Edward M. Maloof, to file a brief no later than June 30, 2006, to show cause why Rule 16 sanctions, including dismissal of his case without prejudice, should not be imposed. See *Order to Show Cause, Doc. 16*. Plaintiff failed to file a brief, or otherwise show cause why his case should not be dismissed and, therefore, the Court **FINDS** that **dismissal without prejudice** is warranted.

On March 13, 2006, the Honorable Leslie C. Smith, United States Magistrate Judge, entered an *Initial Scheduling Order (Doc. 13)*, requiring the parties to "meet and confer" to formulate a provisional discovery plan ("PDP") pursuant to Fed. R. Civ. P 26(f) and to prepare an initial pretrial report ("IPTR") pursuant to D.N.M. LR-CIV. 16.1, and setting a telephonic Rule 16 scheduling

conference for April 25, 2006. On April 20, 2006, Judge Smith received the parties' PDP and IPTR, accompanied by a letter from counsel for several defendants notifying Judge Smith that counsel was unable to make meaningful contact with the *pro se* Plaintiff prior to the deadline for submitting the IPTR and PDP, and so the submissions were incomplete. *See **Order to Show Cause**, Doc. 16* at 1. Consequently, Judge Smith vacated the telephonic Rule 16 conference scheduled for April 25, 2006, and reset it for an in-person conference to be held in Santa Fe on May 24, 2006. *See **Order**, Doc. 15.* Plaintiff failed to appear for the in-person Rule 16 scheduling conference set for May 24, 2006, hence the ***Order to Show Cause** (Doc. 16)* was entered by Judge Smith on May 26, 2006. Plaintiff was directed to respond to the Court's ***Order to Show Cause** (Doc. 16)* by filing a written response by June 30, 2006, establishing why the Court should not dismiss Plaintiff's cause of action, pursuant to FED. R. CIV. P. 16(f), for failing to obey a scheduling or pretrial order and failing to appear at a scheduling or pretrial conference. Plaintiff was specifically directed to address the factors laid out in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Plaintiff has not responded to the Court's ***Order to Show Cause** (Doc. 16)* and the Court-ordered deadline for doing so has passed.

Under these circumstances, sanctions may be entered pursuant to FED. R. CIV. P. 16(f), which provides:

> If a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party . . . is substantially unprepared to participate in the conference, or if a party . . . fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

The determination of the appropriate sanction is a fact-specific inquiry made by the Court. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The Tenth Circuit Court of Appeals has recognized that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Id.* at 920. In *Ehrenhaus*, the Tenth Circuit set forth the following criteria that a district court should "ordinarily" consider on the record when employing this drastic measure: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921. (quotations and internal citations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.*

### Actual Prejudice to Opposing Parties

Plaintiff's failure to cooperate with Defendants in preparing the PDP and IPTR and failure to appear for a Court-ordered scheduling conference serves to disadvantage Defendants' ability to defend this case. The prejudice suffered by Defendants includes increased expense and delay that they would not otherwise have incurred. These include the costs associated with filing a response *(Doc. 17)* to the order to show cause and attending an in-person scheduling conference in Santa Fe which Plaintiff failed to attend. Plaintiff sued eight Defendants individually and these Defendants have incurred the expense of two defense attorneys and continue to face litigation in the interim. The Court finds that the first *Ehrenhaus* factor has been met because Defendants have shown actual prejudice due to Plaintiff's failures.

**Interference with the Judicial Process**

Plaintiff has interfered with the judicial process by failing to cooperate with Defendants in preparing Court-ordered documents (PDP and IPTR), by failing to appear at the Court-ordered scheduling conference, and by failing to respond to the *Order to Show Cause*. The Court vacated the original scheduling conference upon notification by Defendants that Plaintiff had failed to cooperate in preparing the PDP and IPTR and reset the scheduling conference for 30 days later, thereby giving Plaintiff extra time to cooperate. *Order, Doc. 15.* The Court sets case management deadlines so as to bring the case to completion within a reasonable period of time. Plaintiff's failure to participate in setting deadlines and failure to attend the scheduling conference thwarts the Court's ability to effectively manage this case. Plaintiff's failures have delayed the processing of this case and have interfered with the Court's ability to expeditiously resolve this matter. Plaintiff has obstructed the judicial process which he invoked by filing this lawsuit. Thus, the Court finds that Plaintiff's failures to act and comply with the Court's orders have significantly interfered with the judicial process, thus satisfying the second *Ehrenhause* factor.

**Culpability of the Litigant**

On the record before the Court, it appears that Plaintiff himself is culpable for his failure to pursue this litigation and has offered no excuses or explanations for this failure to the Court. It was Plaintiff who chose to commence litigation in this Court in an effort to obtain a remedy for alleged wrongs against him. Having done so, he is not now free to disregard the requirements of the legal process that he has invoked. The third *Ehrenhaus* factor has been satisfied.

**Prior Warning**

Plaintiff received a prior warning in the *Order to Show Cause* wherein the Court found "pursuant to Federal Rule of Civil Procedure 16(f), that in order to avoid dismissal without prejudice

of this action with respect to the Defendants, as well as an assessment of sanctions on the Plaintiff, **Plaintiff must file a brief to this Court no later than June 30, 2006**, establishing why this Court should not dismiss Plaintiff's cause of action." *Order to Show Cause, Doc. 16* (emphasis in original). It is clear that Plaintiff was placed on notice that failure to comply with his Court-ordered obligations could result in sanctions, including dismissal without prejudice. More significantly, Plaintiff was given an opportunity to explain why sanctions should not be imposed. Plaintiff failed to respond to the Court's directive even though the Court had the *Order to Show Cause* sent to Plaintiff at two different addresses. *See Order to Show Cause , Doc. 16,* at 2. The Court concludes that Plaintiff has been appropriately warned by the Court of potential consequences including dismissal of his case without prejudice and, thus, the fourth *Ehrenhaus* factor has been satisfied.

## Efficacy of Lesser Sanctions

As to the fifth *Ehrenhaus* factor, dismissal of a lawsuit is usually appropriate only where lesser sanctions would not serve the interests of justice. *Ehrenhaus,* 965 F.2d at 921, citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Circ. 1988) and *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988). In cases where a claimant fails to obey a court order through inadvertence or simple neglect, the deterrent effect is more likely to be achieved through lesser sanctions. *Ocelot*, 847 F.2d at 1465. Here, however, notwithstanding the Court's earlier notice that failure to comply with Court orders and directives could result in imposition of sanctions, including dismissal of his litigation, Plaintiff ignored the Court's order and failed to respond to the *Order to Show Cause (Doc. 16)*. Given these wilful failures and Plaintiff's refusal to comply with Court directives, the Court has no optimism that he would comply with future directives if given a lesser sanction and afforded a further opportunity to litigate.

After consideration of the *Ehrenhaus* factors, the Court determines that the appropriate sanction is dismissal without prejudice. Accordingly, the Court dismisses this action without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's *Verified Complaint for Civil Rights Violations, Tort Claims, and Damages (Doc. 1)* and this action are **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**